**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
    WANDA HENLEY,

        Debtor,

_____/

Case No. 09-14125

Bankruptcy Case No. 09-68367

HON. MARIANNE O. BATTANI

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER GRANTING JP MORGAN RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on Debtor Wanda Henley's appeal of the Bankruptcy Court's October 16, 2009, "Order Granting Relief From the Automatic Stay." (Bankr. Doc. No. 23). In her Memorandum on Appeal,[1] Henley argues that the Bankruptcy Court erred by granting JP Morgan Chase Bank ("JP Morgan") relief from the automatic stay when JP Morgan did not show that its interests lacked adequate protection. For the reasons that follow, the Court affirms the decision of the bankruptcy court.

A bankruptcy petition automatically stays judicial proceedings that were or could have been commenced against the debtor. 11 U.S.C. § 362(a). Under 11 U.S.C.

---

[1] Henley's original Memorandum on Appeal, (doc. 3), was prepared with the aid of counsel, whereas her subsequent Memorandum on Appeal was prepared *pro se*, (doc. 21). The Court cannot discern from Henley's *pro se* memorandum any basis for overturning the Bankruptcy Court's decision. Accordingly, in order to address fully all possible bases for relief that are raised, this opinion will discuss the arguments made in the memorandum that was prepared with the aid of counsel. (<u>See</u> doc. 3).

§ 362(d), a party in interest may request relief from such a stay. Henley asserts that JP Morgan sought relief from the stay due to a lack of adequate protection, but failed to actually show any such lack of protection. Therefore, Henley asks this court to reverse the Bankruptcy Court's decision terminating the automatic stay.

A review of the proceedings before the Bankruptcy Court reveals that JP Morgan sought to have the automatic stay terminated as it related to real property located at 759 Lake Shore Drive in Grosse Pointe Shores, Michigan ("the Property"), which Henley occupies. JP Morgan held a mortgage on the Property. Henley was on neither the mortgage nor the recorded deed to the Property. JP Morgan held a foreclosure sale and purchased the Property with a bid of $840,000. The tax assessor had assessed the Property to be worth $1,084,840. The total debt owed on the Property exceeded 2.7 million dollars. The redemption period passed, and JP Morgan obtained a judgment of possession providing for eviction of the Property's occupants. The matter was unsuccessfully appealed twice in state court.

Before the Bankruptcy Court, Henley claimed an interest in the property based on "land contract and indenture deed." She stated that she had presented the documentation representing her interest in the state court proceedings. The Bankruptcy Court concluded that if there were any remedies available to Henley relating to this piece of Property, they would have to be pursued in state court. In addition, the Bankruptcy Court noted that Henley had not even listed ownership of the Property on her bankruptcy schedules.

Under 11 U.S.C § 362(d)(1), a bankruptcy court can grant relief from the automatic stay that arises upon the filing of a bankruptcy petition. In particular, the court

is to grant relief from the stay "*for cause*, including lack of protection . . . ." 11 U.S.C. § 362(d)(1) (emphasis added). In this case, it is apparent that lack of adequate protection is not the ground upon which the Bankruptcy Court found cause for modifying the automatic stay. Furthermore, the Bankruptcy Court's conclusion that there was cause for granting relief from the automatic stay was well-founded. Therefore, Henley's arguments that the order was in error because JP Morgan did not lack adequate protection are not persuasive.

Henley also argues that the Bankruptcy Court erred by not staying for 10 days the order granting relief from the automatic stay, as called for by Federal Rule of Bankruptcy Procedure 4001(a)(3). Federal Rule of Bankruptcy Procedure 4001(a)(3) states that such an order is not stayed if "the court orders otherwise." Here, the Court ordered that the order terminating the automatic stay not be stayed, and Henley has not shown that this was reversible error.

Accordingly, the Bankruptcy Court's order granting JP Morgan relief from the automatic stay is **AFFIRMED.**

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: May 14, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                        s/Bernadette M. Thebolt
                                        Case Manager